UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07915-JLS-MAA                              Date: October 18, 2023
Title:  Mark Lee Scripter v. Select Portfolio Servicing, Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|  Gabby Garcia  | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS:  (IN CHAMBERS)  ORDER TO SHOW CAUSE RE REMAND**

   Plaintiff Mark Scripter filed a pro se complaint against Defendants in the Superior Court of California for Ventura County, alleging breach of fiduciary duty, negligence, intentional infliction of emotional distress, and breach of contract.  (State Court Compl., Doc. 1, Ex. A.)  Defendant Safeguard Properties Management, LLC ("Safeguard") removed to this Court, invoking diversity jurisdiction.  (Notice of Removal, Doc. 1.)  The Court sua sponte questions its subject-matter jurisdiction and ORDERS Safeguard to show cause as to why this case should not be remanded to state court because diversity jurisdiction's amount-in-controversy requirement is not satisfied.

   To fall within federal courts' diversity jurisdiction, an action's amount in controversy must "exceed[] the sum or value of $75,000." 28 U.S.C. § 1332(a).  When a plaintiff's complaint states a damages figure higher than the amount-in-controversy requirement, that "sum claimed by the plaintiff controls if the claim is apparently made in good faith."  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  A court can disregard that figure alleged in good faith only if it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount."  *Id.* at 289.  One instance where this legal-certainty exception applies is where "a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  2:23-cv-07915-JLS-MAA | Date: October 18, 2023 |
| Title:  Mark Lee Scripter v. Select Portfolio Servicing, Inc. et al | |

controversy requirement."  *Pachinger v. MGM Grand Hotel-Las Vegas, Inc.*, 802 F.2d 362, 364 (9th Cir. 1986)

Because compensatory damages are meant to place plaintiffs in the position they would be in but for defendants' alleged unlawful conduct, it is a bedrock principle of compensatory damages that "[d]ouble or duplicative recovery for the same items of damage amounts to overcompensation and is therefore prohibited." *Tavaglione v. Billings*, 4 Cal. 4th 1150, 1159 (1993).

Here, Plaintiff's state-court complaint alleges $90,729.22 in compensatory damages, as well as an unspecified amount of punitive damages.  (Compl., Doc. 1, Ex. A ¶¶ 93, 104, 147.)  Plaintiff's compensatory-damages figure comprises the following alleged injuries:

- **$29,824.61** representing the difference between the funds released to Plaintiff and "the total amount of the remaining open submitted invoices" (*id.* ¶ 73);

- **$11,000** representing how much Plaintiff "sold his 2003 Ford van for" in a "forced sale" (*id.* ¶¶ 63, 93);

- **About $500** representing fees incurred in the above sale (*id.*); and

- **$21,626.62** representing how much Plaintiff spent on "lost furnishings" (*id.* ¶ 93).

To reach that total compensatory-damages figure, Plaintiff used the following formula, which expressly double-counts the damages arising from the first alleged injury: "total [=] **$29,824.61 +$29,824.61** +$11,000 + eBay 23 fees about $500 +$21,626.62 - 2,046.90 =$90,729.22."  (*Id.* (emphasis added); *see also* Response to Notice of Removal,

| | |
|---|---|
| **CIVIL MINUTES – GENERAL** | 2 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-07915-JLS-MAA                                               Date: October 18, 2023
Title:  Mark Lee Scripter v. Select Portfolio Servicing, Inc. et al

Doc. 15.)  Moreover, basic principles governing compensatory damages seemingly bar Plaintiff from recovering as damages the $11,000 that Plaintiff *already received* in a sale of his car.  Therefore, once the second $29,8241.61 figure and the $11,000 figure are removed from Plaintiff's formula, it appears to the Court that he may recover (at most) about $50,000 in compensatory damages.

      Therefore, the Court ORDERS Safeguard to show cause as to why it is not a legal certainty that Plaintiff will recover $75,000 or less in compensatory damages.  Assuming that is the case, the Court also ORDERS Safeguard to show cause as to whether the punitive-damages exposure in this case is sufficiently large, when combined with the compensatory-damages exposure, to satisfy diversity jurisdiction's amount-in-controversy requirement.  To satisfy its burden, Safeguard must submit proof that permits the Court to "find[], by the preponderance of the evidence, that the amount in controversy" requirement is satisfied.  28 U.S.C. § 1446(c)(2)(B).

      Defendant is ORDERED to show cause in writing no later than **seven (7) days** from the date of this Order.  Plaintiff has **seven (7) days** thereafter to submit any response.  Each party's briefing shall not exceed **ten (10) pages**.  Following submission of the parties' briefing, the matter will be deemed under submission and the Court will thereafter issue an order.

                        Initials of Deputy Clerk: gga